Slip Op. 17-131

## UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————— :
                                                        :
NANTONG UNIPHOS CHEMICALS                  :
CO., LTD., et al.,                                      :
                                                        :
                          Plaintiffs,          :
                                                        :          Before: Richard K. Eaton, Judge
                    v.                                 :
                                                        :          Court No. 17-00151
UNITED STATES,                                    :
                                                        :
                          Defendant.         :
                                                        :
————————————————————:

## **MEMORANDUM OPINION and ORDER**

[Defendant's motion for a more definite statement and plaintiffs' consent motion for an extension of time are granted.]

Dated: *September 26, 2017*

*David J. Craven*, Sandler, Travis & Rosenberg, PA, of Chicago, IL, for plaintiffs.

*Kelly A. Krystyniak*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were *Chad A. Readler*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *L. Misha Preheim*, Assistant Director. Of Counsel on the brief was *Emma Thomson Hunter*, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Eaton, Judge: Before the court are the motion for a more definite statement of defendant the United States, ECF No. 17 ("Def.'s Mot."), the response of plaintiffs Nantong Uniphos Chemicals Co., Ltd., Nanjing University of Chemical Technology Changzhou Wujin Water Quality Sabilizer Factory, and Uniphos, Ltd. (collectively, "plaintiffs"), ECF No. 18 ("Pls.' Resp."), and plaintiffs' consent motion for an extension of time to file a joint status report, proposed scheduling order, and statement of issues, ECF No. 19.

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2012) and 19 U.S.C. § 1516a(a)(2)(B)(i) (2012). For the following reasons, the court grants defendant's motion for a more definite statement. Plaintiffs' consent motion for an extension of time is also granted.[1]

## BACKGROUND

Plaintiffs filed their complaint on June 30, 2017, ECF No. 6, "to contest the Antidumping Duty Order and the underlying determinations issued by the United States Department of Commerce, International Trade Administration . . . [("Commerce" or the "Department")] in the investigation of 1-Hydoxythylidene-1, 1-Disphosphonic Acid from the People's Republic of China . . . ." Compl. ¶ 1 (citing *1-Hydoxythylidene-1, 1-Disphosphonic Acid From the People's Republic of China*, 82 Fed. Reg. 14,876 (Dep't Commerce Mar. 23, 2017) (final affirmative dumping determination), as amended by *1-Hydoxythylidene-1, 1-Disphosphonic Acid From the People's Republic of China*, 82 Fed. Reg. 22,807 (Dep't Commerce May 18, 2017) (amended final affirmative dumping determination), and accompanying memoranda). Subsequently, defendant filed its motion for a more definite statement pursuant to Rule 12(e) with respect to Counts Three, Five, and Six, asking the court to direct plaintiffs to revise these counts to identify the particular findings or conclusions in Commerce's determination that are being challenged, or, alternatively, file an amended complaint without them. *See* Def.'s Mot. (proposed order). The challenged counts make the following assertions:

---

[1] By their consent motion, plaintiffs requested an extension of time until September 27, 2017. On September 25, 2017, plaintiffs timely filed a joint status report, a proposed briefing schedule, and a statement of issues, ECF No. 20.

## COUNT THREE

33. The allegations of paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein.

34. The Department, in calculating final surrogate values, appl[ied] excessive and improper adjustments to the raw surrogate data resulting in an overstatement of the surrogate values.

. . .

## COUNT FIVE

37. The allegations of paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein.

38. The Department, in making its determination, misread the record and mis-apprehended certain key facts.

39. Had the Department not mis-apprehended certain key facts, it would not have made certain decisions contrary to the actual facts of record.

40. The Department must take into account the actual facts of record in making its determination and any determination not based on the actual facts of record is inherently flawed.

## COUNT SIX

41. The allegations of paragraphs 1 through 22 are incorporated by reference and restated as if fully set forth herein.

42. The Department's calculation of the Antidumping Duty deposit rate was not in accordance with law.

43. The Department erred when it calculated the Antidumping Duty deposit rate. The Department's calculation determination was not based on substantial evidence and was arbitrary and capricious, and an abuse of discretion.

Compl. ¶¶ 33-34, 37-43.

## DISCUSSION

Rule 12(e) provides that a party may move for a definite statement where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." USCIT Rule 12(e). The

standard for pleadings is set out in Rule 8(a)(2): "A pleading that states a claim for relief must

contain: . . . a short and plain statement of the claim showing that the pleader is entitled to

relief . . . ." USCIT Rule 8(a)(2). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), this

standard

> does not require "detailed factual allegations," but it demands more than an
> unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the elements of a cause
> of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]"
> devoid of "further factual enhancement."

*Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)

(bracketing in original)). The pleading must "'give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)). "The 'factual allegations must be enough to raise a right to relief above

the speculative level.'" *Sioux Honey Ass'n v. United States*, 672 F.3d 1041, 1062 (Fed. Cir. 2012)

(quoting *Twombly*, 550 U.S. at 555).

The crux of defendant's argument is that plaintiffs' "naked assertions" have failed to give

"fair notice" of the claims stated in Counts Three, Five, and Six, and that a more definite statement

of the claims raised in those counts is needed so that defendant can formulate a response. Def.'s

Mot. 3 (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555). According to defendant, a

more definite statement of the challenged counts would allow defendant "to determine whether a

basis exists for a motion to dismiss, and to ensure that parties do not raise entirely new claims in

their motions for judgment on the agency record." Def.'s Mot. 3. Moreover, a more definite

statement is important for preparation of the joint status report, "which requires the parties to

identify whether the case should be consolidated, or severed, and whether the Court possesses

jurisdiction, and to propose a briefing schedule." Def.'s Mot. 3.

The court agrees that a more definite statement is needed with respect to the claims asserted in Counts Three, Five, and Six. Plaintiffs' arguments to the contrary are unconvincing.

Plaintiffs dispute that any additional factual detail supporting Counts Three, Five, or Six is required. First, noting that defendant does not challenge Counts One, Two, Four, or Seven of the complaint, plaintiffs contend that the challenged counts "are sufficient when read as a totality with the complaint as a whole." Pls.' Resp. 1; *see* Def.'s Mot. 2 ("Counts 1, 2, and 4 of the complaint raise discernible challenges to Commerce's determination. . . . Count 7 simply seeks fees and expenses under the Equal Access to Justice Act."). The factual sufficiency of some claims in the complaint, however, does not satisfy the pleading requirement for all of the claims in the complaint. Under Rule 8(a)(2), for each claim, plaintiffs must make a sufficiently detailed "short and plain statement of the claim" showing that plaintiffs are "entitled to relief." USCIT Rule 8(a)(2). Plaintiffs drafted their complaint to include seven distinct counts, raising seven distinct claims, and must support each of these claims "enough to raise a right to relief above the speculative level." *Sioux Honey Ass'n*, 672 F.3d at 1062 (quotation and citation omitted). Not only does Rule 8(a)(a) require as much, but it is particularly reasonable in light of the fact that this is a § 1581(c) case. That is, unlike in cases where a plaintiff does not have all of the facts at its disposal at the pleading stage, but will obtain more during discovery, plaintiffs know all of the facts that will be at issue in the case from having participated in the development of the agency record that is the subject of the appeal.

When examined individually, each of the challenged counts falls short of the pleading standard required by Rule 8(a)(2). Count Three merely hints at the nature of plaintiffs' claim. It alleges certain unspecified "adjustments" to surrogate data, stating only that these adjustments were "excessive" and "improper" and resulted in "an overstatement of the surrogate values."

Compl. ¶ 34. Plaintiffs identify neither the adjustments they challenge nor which surrogate values allegedly were overstated. In Count Five, plaintiffs suggest the existence of a claim in the barest of terms, alleging that had the Department not "mis-apprehended" "certain key facts," it would not have made "certain decisions contrary to the actual facts of record." Compl. ¶ 39. Plaintiffs do not elaborate at all on which "key" facts and decisions they take issue with. Count Six mentions Commerce's determination of an antidumping duty deposit rate, and only alleges in conclusory fashion that it fails to satisfy the applicable standard of review, *i.e.*, that it is not in accordance with law and supported by substantial record evidence. Compl. ¶¶ 42-43. Plaintiffs' argument that "[a] recitation of the factual errors made by the Department would require a 'detailed factual allegation'" that exceeds the pleading requirement under *Iqbal* is not persuasive. Pls.' Resp. 3. Although detailed factual allegations are not required, bald assertions are not enough; plaintiffs must provide "factual enhancement" of their assertions. *Iqbal*, 556 U.S. at 678. This plaintiffs have not done with respect to the challenged counts. Accordingly, defendant's motion for a more definite statement is granted.

## CONCLUSION

In accordance with the foregoing, it is hereby

**ORDERED** that defendant's motion for a more definite statement is granted; it is further

**ORDERED** that plaintiffs' consent motion for an extension of time is granted; it is further

**ORDERED** that, on or before October 10, 2017, plaintiffs shall file either a more definite statement or an amended complaint in which plaintiffs (a) with respect to Count Three, identify the surrogate values that they are contesting and specify the adjustments they believe are excessive and improper; (b) with respect to Count Five, identify the key facts that Commerce allegedly

misapprehended; and (c) with respect to Count Six, state with specificity why they believe the antidumping duty deposit rate is not in accordance with law; and it is further

**ORDERED** that, on or before October 31, 2017, the parties shall confer and jointly submit a revised joint status report, proposed scheduling order, and statement of issues.


                                                               /s/ Richard K. Eaton
                                                               Richard K. Eaton, Judge

Dated: September 26, 2017
       New York, New York